IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **REACT Environmental Professional Services Group, Inc.** <br> 6901 Kingsessing Ave., Suite 201 <br> Philadelphia, PA 19142-0377 <br><br> and <br><br> **Jerry F. Naples, Jr.** <br> 7 N. Delaware Ave., #218 <br> Philadelphia, PA 19106, <br><br> Plaintiffs, <br><br> vs. <br><br> **Jon P. Buzan** <br> 14 Dale Lane <br> Malvern, PA 19355 <br><br> and <br><br> **CDS Capital Management, L.C. t/d/b/a Comstock Environmental Services, LLC and/or Comstock Environmental Solutions, L.C.** <br> 1886 Metro Center Drive, 4th Floor <br> Reston, VA, 20190 <br><br> Defendants. | CIVIL ACTION <br> NO. _____ |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

REACT Environmental Professional Services Group, Inc. ("**REACT**"), and Jerry F. Naples, Jr. ("**Mr. Naples**") (collectively, "**Plaintiffs**") for their Complaint, allege the following facts:

### I.   INTRODUCTION

1.   Plaintiffs bring this action against REACT's former employee, Jon. P. Buzan ("**Buzan**"), and Buzan's current employer, CDS Capital Management L.C. t/b/a Comstock Environmental Services, LLC and/or Comstock Environmental Solutions, L.C. (jointly and

severally, "**Comstock**" and, together with Buzan, "**Defendants**"), seeking injunctive relief to stop Defendants from misappropriating and using REACT's confidential trade secrets and Mr. Naples' personal information, and to enjoin Defendants from soliciting REACT's customers and employees in violation of Buzan's contractual obligations to REACT. REACT also seeks damages arising from Buzan's breach of contract and Comstock's tortious conduct, including violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.* Mr. Naples seeks damages for the invasion of his privacy.

## II. PARTIES

2. REACT is a Pennsylvania corporation with offices as set forth beneath its name in the caption of this Complaint. REACT provides environmental consulting services to buyers and potential buyers and owners of real estate as to the remediation and revitalization of environmentally troubled real estate.

3. Mr. Naples is an individual, *sui juris*, with a residence at the address as set forth beneath his name in the caption of this complaint.

4. CDS Capital Management L.C. is a Virginia limited liability company with offices as set forth beneath its name in the caption of this Complaint. Upon information and belief, CDS Capital Management L.C. does business competitive with REACT through either one or both of the entities known as "Comstock Environmental Services, LLC" and "Comstock Environmental Solutions, L.C."

5. Buzan is an individual, *sui juris,* with a residence located at the address as set forth beneath his name in the caption of this Complaint. Formerly, Buzan was a shareholder and Chief Executive Officer of REACT. Buzan thereafter became an employee of Comstock.

## III. JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to The Defend Trade Secrets Act of 2016 (DTSA) (Pub. L. 114–153, 130 Stat. 376, enacted May 11, 2016, 18 U.S.C. § 1836, *et seq.*) ("**Act**"), in that this is an action arising under a federal statute, and 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the state law based on claims pursuant to 28 U.S.C. § 1367.

7. Venue of this matter is proper in this Court under 28 U.S.C. § 1391(b)(1) because all of the Defendants maintain a residence or place of business within this judicial district and pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial part of the acts or omissions giving rise to this lawsuit occurred within this judicial district and pursuant to 28 U.S.C. § 1391 (b)(3) because all of the Defendants are subject to the personal jurisdiction of this Court and there is no other district in which this action may otherwise be brought.

## IV. MATERIAL FACTS GIVING RISE TO THIS LAWSUIT

8. Over the course of many years and at great expense, REACT has developed confidential and trade secret information and personal relationships with customers that give it a competitive advantage over those who do not know such information or have those relationships.

9. On or about May 30, 2008, Buzan, Mr. Naples and REACT entered into a Stockholders' Agreement, a true and correct copy of which is attached hereto as ***Exhibit A***.

10. Thereafter, Buzan, at his insistence, became the Chief Executive Officer of REACT and, in that capacity, had access to all of REACT's confidential information and trade secrets including, without limitation, a complete list of REACT's customers and the decision-makers at each customer, pricing, employee salaries, business methodologies and strategies, finances, and pending proposals and business plans. Additionally, Buzan developed important

3

business relationships with the decision-makers at customers and potential customers of REACT, all of which relationships were made for the sole benefit of REACT and at its expense.

11. In approximately 2015, Buzan and Naples, the founder of REACT, began to have a falling out.

12. On or about July 26, 2019, without notice, Buzan resigned from REACT and undertook employment with Comstock.

13. Comstock and REACT are competitors in the business described in paragraph 2 of this Complaint.

14. Upon information and belief, Buzan has misappropriated from REACT, disclosed to Comstock and used on its behalf the confidential and trade secret information of REACT.

15. Buzan had a laptop computer which he used for business but which was the property of REACT. The day before Buzan resigned from REACT, he downloaded from REACT's computer system to the laptop computer substantial amounts of confidential and secret information, including a proposal to perform work at one of REACT's customers known as the "Roizman Project." Roizman had been a long standing customer of REACT and REACT had submitted a proposal to perform additional work for it. Buzan downloaded that proposal to the laptop computer and took the laptop computer with him when he resigned, notwithstanding that he left a REACT-leased car he had been using, thereby acknowledging his obligation not to take any REACT property with him.

16. At the time Buzan purloined REACT's laptop computer and the information on it, he was familiar with the Roizman Project and knew that the customer had yet to award a contract.

17. In addition to stealing REACT's laptop computer and its confidential and trade secret information, Buzan downloaded highly confidential and personal financial information of Mr. Naples and of his family.

18. In addition to stealing REACT's laptop computer, Buzan took a cellphone that was REACT's property and provided to Buzan for use on behalf of REACT. In addition to other information, the cellphone had information on it about REACT's customers. When Buzan returned the cellphone to REACT, he had deleted all information on it and reset it to factory setup. Upon information and belief, Buzan copied the information on the cellphone and/or otherwise transferred it to another cellphone.

19. REACT and Mr. Naples made immediate demand on Buzan to return REACT's laptop computer and cellphone but he delayed doing so for several days, during which he began employment with Comstock. When Buzan finally returned the laptop computer and cellphone to REACT, he had attempted to delete all information the laptop contained.

20. Notwithstanding Buzan's obvious attempt to hide his misappropriation of REACT and Mr. Naples' confidential and trade secret information, by virtue of expert forensic analysis, REACT and Mr. Naples have discovered Buzan's theft of their information.

21. On October 18, 2019, REACT learned that the Roizman Project had been awarded to Comstock or an affiliate of Comstock.

22. Upon information and belief, neither Comstock nor any affiliate of Comstock had ever before done any work with Roizman.

23. Upon information and belief, neither Comstock nor any affiliate of Comstock had bid on the Roizman Project before Buzan resigned from REACT and became employed by Comstock.

5

24. REACT believes on the basis of information and, therefore, alleges, that Buzan and Comstock, or an affiliate of Comstock, secured the Roizman Project only because of Buzan's theft of REACT's confidential and trade secret information, Buzan's breach of contract and Comstock's interference with that contract.

25. On or about July 19, 2019, without authorization from REACT, Buzan transferred his corporate Verizon cellphone number over to his personal account, thereby allowing himself access to REACT's business and customers on a continuing basis.

## COUNT I

## Violation of The Defend Trade Secrets Act

## REACT v. Buzan and Comstock

26. REACT incorporates each of the foregoing paragraphs by reference into this Count of its Complaint as if those paragraphs had been set forth here *in extenso.*

27. REACT has taken reasonable measures to protect and keep secret its trade secrets and confidential information, including restricting access to such information on a need to know basis, but no procedures could protect it from Buzan's scurrilous theft of same given Buzan's position as Chief Executive Officer of REACT and the devious manner in which he stole REACT's information by secretly accessing it before announcing his resignation.

28. REACT's trade secret and confidential information derives independent economic value from it not being generally known to, and not being readily available through, proper means by another person who could obtain economic value from the disclosure or use of the information.

29. Either before or after accepting employment with Comstock, Buzan disclosed REACT's trade secret and confidential information to Comstock with Comstock' knowledge and acquiescence, if not active assistance, or used such information on behalf of Comstock.

30. In violation of REACT's rights under The Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.*, Defendants misappropriated REACT's proprietary, trade secret and confidential information in the improper and unlawful manner as alleged herein. Defendants' misappropriation of REACT's trade secret and confidential information was intentional, proprietary, knowing, willful, malicious, fraudulent and oppressive. Defendants have and continue to attempt to conceal their misappropriation.

31. If Defendants are not enjoined, they will continue to misappropriate and use REACT's trade secret and confidential information for their own benefit and to REACT's detriment.

32. As a direct and proximate cause of Defendants' conduct, REACT has suffered and, if Defendants are not stopped, will continue to suffer, severe competitive harm, irreparable injury, and significant damages, in an amount to be proven at trial. For the reason that REACT's remedy at law is inadequate, REACT seeks, in addition to damages, temporary, preliminary and permanent injunctive relief to recover and protect its confidential, proprietary and trade secret information and to protect other legitimate business interests.

33. REACT has been damaged by all of the foregoing and is entitled to an award of exemplary damages and attorneys' fees.

**WHEREFORE,** REACT demands judgment in its favor and against the Defendants jointly and severally and requests the following relief:

    a. Compensatory damages;

Case 2:20-cv-00533-TJS   Document 1   Filed 01/31/20   Page 8 of 15

b.  Punitive damages;

c.  Damages or disgorgement in the amount that Defendants have been unjustly enriched as a result of their unfair competition;

d.  An equitable accounting, disgorgement, forfeiture and delivery to REACT of all assets, income, profits, pecuniary benefits and all illicitly obtained gains or profits resulting from Defendants' unfair competition;

e.  An equitable accounting, forfeiture, forensic analysis and return of all of REACT's information and property in Defendants' possession, custody or control, including REACT's trade secrets;

f.  Temporary, preliminary and permanent injunctive relief;

g.  The establishment of a constructive trust in favor of REACT;

h.  REACT's attorneys' fees and costs;

i.  Interest; and

j.  All such other relief as this Court deems appropriate.

## COUNT II

### Violation of The Pennsylvania Uniform Trade Secrets Act

### REACT v. Buzan and Comstock

34. REACT incorporates each of the foregoing paragraphs by reference into this Count of its Complaint as if those paragraphs had been set forth here *in extenso.*

35. The Pennsylvania Uniform Trade Secrets Act, 12 P.C.S. §5301, *et seq.* provides for injunctive relief and the award of monetary damages sustained due to a misappropriation. Damages can be measured on the basis of any actual loss to the owner or any unjust enrichment received by the user, or on the basis of what a reasonable royalty might be. If the

8

misappropriation is willful and malicious, the Court can award exemplary or punitive damages in an amount not exceeding twice any award of actual damages. The Uniform Trade Secrets Act also allows for the award of reasonable attorneys' fees.

36. Defendants' actions as above alleged are in violation of such law and were willful and malicious.

**WHEREFORE,** REACT demands judgment in its favor and against the Defendants jointly and severally and requests the following relief:

a. Compensatory damages;

b. Punitive damages;

c. Damages or disgorgement in the amount that Defendants have been unjustly enriched as a result of their unfair competition;

d. An equitable accounting, disgorgement, forfeiture and delivery to REACT of all assets, income, profits, pecuniary benefits and all illicitly obtained gains or profits resulting from Defendants' unfair competition;

e. An equitable accounting, forfeiture, forensic analysis and return of all of REACT's information and property in Defendants' possession, custody or control, including REACT's trade secrets;

f. Temporary, preliminary and permanent injunctive relief;

g. The establishment of a constructive trust in favor of REACT;

h. REACT's attorneys' fees and costs;

i. Interest; and

j. All such other relief as this Court deems appropriate.

## COUNT III

## Unfair Competition (Pennsylvania Common Law)

### REACT v. Buzan and Comstock

37. REACT incorporates each of the foregoing paragraphs by reference into this Count of its Complaint as if those paragraphs had been set forth here *in extenso.*

38. Through their wrongful acts, Defendants, in bad faith, knowingly misappropriated REACT's confidential and proprietary information, including REACT's trade secrets, for their own business interests and to compete against REACT.

39. Defendants wrongfully used, for their own unfair commercial advantage, proprietary information that REACT had developed through considerable expenditure of resources and effort.

40. Defendants unfairly competed against REACT through their tortious interference with REACT contractual relationships with its customers and employees, as stated herein.

41. As a direct and proximate result of Defendants' unfair competition, REACT has suffered, and will continue to suffer, substantial and irreparable damage.

42. As a direct and proximate result of Defendants' unfair competition, REACT has suffered, and will continue to suffer, substantial economic damages.

**WHEREFORE,** REACT demands judgment in its favor and against the Defendants jointly and severally and requests the following relief:

    a. Compensatory damages;

    b. Punitive damages;

    c. Damages or disgorgement in the amount that Defendants have been unjustly enriched as a result of their unfair competition;

d. An equitable accounting, disgorgement, forfeiture and delivery to REACT of all assets, income, profits, pecuniary benefits and all illicitly obtained gains or profits resulting from Defendants' unfair competition;

e. An equitable accounting, forfeiture, forensic analysis and return of all of REACT's information and property in Defendants' possession, custody or control, including REACT's trade secrets;

f. Temporary, preliminary and permanent injunctive relief;

g. The establishment of a constructive trust in favor of REACT;

h. REACT's attorneys' fees and costs;

i. Interest; and

j. All such other relief as this Court deems appropriate.

## COUNT IV

### Misappropriation of Trade Secrets

### REACT v. Buzan and Comstock

43. REACT incorporates each of the foregoing paragraphs by reference into this Count of its Complaint as if those paragraphs had been set forth here *in extenso*.

44. REACT has protectable confidential information in its trade secrets.

45. REACT derives economic value from its trade secrets, due to them not being generally known to other persons who could obtain economic value from their disclosure or use.

46. REACT has made efforts that are reasonable under the circumstances to maintain the secrecy of such information.

47. Defendants have improperly acquired and have improperly used (and continue to improperly use) REACT's trade secrets to compete with REACT and to injure REACT and its relationships with its customers and prospective customers.

48. The improper acquisition, disclosure and use of such information constitutes a misappropriation of trade secrets in violation of common law.

49. As a direct and proximate result of Defendants' misappropriation of trade secrets, REACT has suffered, and will continue to suffer, substantial and irreparable damage.

50. As a direct and proximate result of Defendants' misappropriation of trade secrets, REACT has suffered, and will continue to suffer, substantial economic damages.

**WHEREFORE,** REACT demands judgment in its favor and against the Defendants jointly and severally and requests the following relief:

    a. Compensatory damages as set forth under the statute;

    b. Exemplary damages due to the willfulness and maliciousness of Defendants' misappropriation;

    c. Damages or disgorgement in the amount that Defendants have been unjustly enriched as a result of their misappropriation;

    d. An equitable accounting, disgorgement, forfeiture and delivery to REACT of all assets, income, profits, pecuniary benefits and all illicitly obtained gains or profits resulting from Defendants' misappropriation;

    e. An equitable accounting, forfeiture, forensic analysis and return of all of REACT's misappropriated trade secrets in Defendants' possession, custody or control;

    f. Temporary, preliminary and permanent injunctive relief;

g. The establishment of a constructive trust in favor of REACT;

h. REACT's attorneys' fees and costs;

i. Interest; and

j. All such other relief as this Court deems appropriate.

## COUNT V

### Breach of Contract

### REACT v. Buzan

51. REACT incorporates each of the foregoing paragraphs by reference into this Count of its Complaint as if those paragraphs had been set forth here *in extenso*.

52. The Stockholders' Agreement contains provisions which prohibit Buzan from competing with REACT and from luring its employees from leaving REACT's employ, in each case, for a reasonable time.

53. In violation of those provisions, Buzan has engaged in competition with REACT and or aided and abetted Comstock or one or more of its affiliates to compete with REACT and solicited one or more of its employees to leave REACT's employ.

**WHEREFORE,** REACT demands judgment in its favor and against Buzan and requests the following relief:

a) Such damages as REACT proves at trial,

b) A declaration that, as a result of Buzan's breach of contract, REACT is relieved of any contractual obligation to Buzan;

c) Exemplary damages; and

d) Such other relief as is just and proper under the circumstances.

## COUNT VI

## Tortious Interference With Contract

### REACT v. Comstock

54. REACT incorporates each of the foregoing paragraphs by reference into this Count of its Complaint as if those paragraphs had been set forth here *in extenso*.

55. At the time Comstock employed Buzan and caused or authorized him to breach the Stockholders' Agreement, Comstock had knowledge of the restrictive covenant to which Buzan was bound.

56. By its acts and omissions, Comstock has tortiously interfered with the contract between REACT and Buzan, as a result of which REACT has been deprived the benefit of its agreement with Buzan and otherwise damaged.

**WHEREFORE,** REACT demands judgment in its favor and against Comstock and requests the following relief:

a) Temporary, preliminary and permanent injunctive relief against Comstock and all those acting in concert with it, prohibiting further interference with the Stockholders' Agreement for a period extended to address the prior breach;

b) An accounting of any profits Comstock or any affiliate of Comstock derived as a result of such interference with contract;

c) Such damages as REACT shall prove at trial;

d) Exemplary damages; and

e) Such other relief as is just and proper under the circumstances.

## COUNT VII

### Invasion of Privacy

### Naples v. Buzan

57. Mr. Naples incorporates each of the foregoing paragraphs by reference into this Count of its Complaint as if those paragraphs had been set forth here *in extenso*.

58. Buzan unlawful copied from the REACT computer the personal and financial information of Mr. Naples onto the REACT laptop was without privilege to do so or beyond the bounds of any privilege and constitutes a tortious intrusion into the seclusion rights of Mr. Naples.

**WHEREFORE,** Mr. Naples demands judgment in his favor and against Buzan and requests the following relief:

e) An Order compelling Buzan to return all such copies of such information and to retain none of it;

f) Temporary, preliminary and permanent injunctive relief against Buzan's use or further disclosure of such information;

g) Exemplary damages; and

h) Such damages as Mr. Naples shall prove at trial.

Respectfully submitted,
REGER RIZZO & DARNALL LLP

By: _____
Robert W. Small, Esquire
Reger Rizzo & Darnall LLP
Cira Centre, 13th Floor
2929 Arch Street
Philadelphia, PA 19104
*Attorney for Plaintiffs*

Date: January 31, 2020